PATRICK J. O'CONNELL, PROSECUTOR, v. CITY OF BAYONNE, AND ROBERT J. TALBOT, W. HOMER AXFORD, HARRY HOSFORD, BERT DALY AND PATRICK J. O'CONNELL, THE BOARD OF COMMISSIONERS OF BAYONNE, AND WILLIAM E. PRICE, DEFENDANTS.

Decided August 6, 1926.

**Municipalities—Officers—Members of Fire Department—Question of Legality of Appointment—Was the Appointing Officer de Jure Commissioner of Public Safety?—This Question Now Pending in Court of Errors and Appeals—In Granting Writ of Certiorari it is Only Necessary to Present an Arguable Question—Writ is Allowed.**

On rule to show cause why a writ of *certiorari* should not be granted.

For the motion, *Patrick J. O'Connell.*

*Contra, James Benny.*

The opinion of the court was delivered by

KATZENBACH, J.    On July 30th, 1926, Patrick J. O'Connell, a taxpayer of the city of Bayonne, made application to

me for the allowance of a writ of *certiorari* to review the appointment of William E. Price to the position of hoseman in the fire department of the city of Bayonne. The appointment was made by Commissioner Daly, of the city of Bayonne, acting as director of the department of public safety. The appointment of Price was confirmed by the board of commissioners of the city of Bayonne. Three commissioners voted for confirmation. Two voted against confirming the appointment.

This appointment, together with others made at the same time to the police and fire departments of the city of Bayonne, raises again a question which is pending in our courts. This question is whether Commissioner Daly is the *de jure* commissioner of the department of public safety of the city of Bayonne. In 1923 there was an election for commissioners in the city of Bayonne. On May 8th, 1923, five commissioners were elected for terms of four years. On May 15th, 1923, Patrick J. O'Connell was appointed and designated by the board of commissioners director of the department of public safety. Commissioner O'Connell performed the duties of this office until October 7th, 1924, when a resolution was introduced and passed by the board of commissioners, which designated Commissioner Daly as director of the department of public safety in the place of Commissioner O'Connell. There were other changes made at the same time in the assignments of the commissioners.

The legality of certain resolutions subsequently passed by the board of commissioners, which deprived the mayor and Commissioner O'Connell of certain powers, were reviewed before the Supreme Court in the case of State *v.* Oliver. It was in this case held that the action of the commissioners in so acting was illegal. The resolutions were set aside. This case is now pending before the Court of Errors and Appeals. In the opinion in the Oliver case, written in the Supreme Court, it was stated that where a commissioner was once appointed and assigned to a department that he could not subsequently, by a vote of a majority of the commissioners,

be deprived of the powers which had been granted to him by his original appointment. This statement was *dictum*. After the decision in the Oliver case was handed down a writ of *certiorari* was granted to review the action of depriving Commissioner O'Connell, on October 7th, 1924, of his office as director of the department of public safety.

On July 30th, 1926, when the application was made in the present case, a rule to show cause was allowed, returnable on August 6th. This rule only applies to the proceedings taken with reference to the appointment of William E. Price as a hoseman in the fire department of the city of Bayonne. The prosecutor contends that Commissioner Daly had no power to make this appointment, because he is not the *de jure* commissioner of the department of public safety of the city of Bayonne. In granting a writ of *certiorari* it is only necessary that the applicant should present an arguable question. In my opinion an arguable question is presented by the prosecutor in the present case. The prosecutor is entitled to have the appointment of Price reviewed upon the ground that Commissioner Daly had no authority to make the same. I will therefore allow a writ of *certiorari* to review the action taken with reference to the appointment of William E. Price.

At the time of the appointment of Price it appears that there were some seventy-seven men appointed by Commissioner Daly, purporting to act as director of public safety, to positions in the police and fire departments. The prosecutor, upon the return of the rule to show cause in the present case, requests that writs of *certiorari* be granted to review these seventy-seven appointments. The prosecutor further asks that the writs be allowed in these seventy-seven cases with a stay, which will prevent the payment of salaries to these newly-appointed members of the fire and police departments, who have already commenced the discharge of their duties. This I am unwilling to do. No notice of such an application has been given to the city or to the persons who would be affected by the allowance of these writs. They are entitled to notice. The allowance of a writ of *cer-*

*tiorari* is also discretionary. The legal question involved can be determined by the writ, which I allow in the Price case. The practical question as to the wisdom or necessity of the appointments is a question which this court has no power to determine. This is the avowed purpose of the application for the seventy-seven writs.